UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.     CASE NO. 8:24-cv-736-SDM-NHA

JOHN DOE subscriber assigned IP address
72.184.118.27, an individual,

    Defendant.
_____/

**ORDER**

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC alleges John Doe, an unnamed defendant, unlawfully reproduced and distributed Strike 3's copyrighted adult films. Doc. 1. Strike 3 moves for leave to serve a third-party subpoena on Doe's Internet Service Provider ("ISP"), Spectrum, to learn Doe Defendant's true identity prior to a Rule 26(f) conference. Doc. 7.

Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. FED. R. CIV. P. 26(f)(1). Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits parties from seeking discovery prior to an initial Rule 26(f) conference except in certain circumstances, including "by court order." FED. R. CIV. P. 26(f)(1).

The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Generally, courts reviewing motions for early discovery look at whether the movant has established "good cause" for the discovery. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623–24 (N.D. Ill. 2000)) (adopting the good cause test because "in deciding on a matter merely of regulating the timing of discovery, 'it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002)).

Here, Plaintiff has alleged ownership of copyright in 279 videos and submitted supporting evidence of Doe Defendant's infringement of those videos, establishing a prima facie showing of copyright infringement. Compl. (Doc. 1) ¶ 37; Doc. 1-2. Good cause is shown because ISPs only temporarily retain their user activity logs and, with further delay in discovery, physical evidence of infringement may be destroyed. Doc. 7, p. 10. If the information is erased, Plaintiff will be unable to link the IP address to Doe Defendant and

pursue its infringement lawsuit. *Id.*, pp. 9-11. Additionally, Plaintiff explains that it has no other way to obtain Doe Defendant's identity. *Id.* I note Plaintiff's request is specific in that it is limited to basic information such as Doe Defendant's name and address. Doc. 7-4. And, granting this early discovery does not prejudice Doe Defendant because internet users have no expectation of privacy in the subscriber information that they voluntarily submit to their ISPs. *See Rehberg v. Paulk*, 611 F.3d 828, 842 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012) (citing *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979)). Finally, without identifying Doe Defendant, Plaintiff cannot issue a summons and serve Doe Defendant in this lawsuit; without participation by Doe Defendant, there can be no meaningful Rule 26(f) conference. Accordingly, Plaintiff has established good cause for proceeding with issuance of the subpoena prior to the Rule 26(f) conference.

It is **ORDERED**:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 7) is **GRANTED**.

2. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena to determine the name and address of the person to whom Spectrum assigned the IP address 72.184.118.27 (*see* Compl. (Doc. 1), p. 2; Doc. 7-2). Plaintiff may also serve a Rule 45 subpoena on any other ISP that the response to the initial subpoena may identify.

3. Plaintiff shall attach a copy of the Complaint and exhibits and this Order to any subpoena.

4. Any ISP that receives a subpoena under this Order shall not assess any charge to Plaintiff in advance of providing the information requested; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena under this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Plaintiff may use information disclosed to it in response to a subpoena solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7. Once Plaintiff discovers Defendant's identity, and at least 14 days before asking the Clerk to issue a summons for the identified Defendant, Plaintiff must notify the Defendant (or counsel, if represented) of Plaintiff's intent to name and serve the Defendant.

**ORDERED** in Tampa, Florida on April 4, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge